# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Zeina Roz<br><br>            Plaintiff,<br><br>v.<br><br>Associated Black Charities; Rayton Gerald<br><br>And Does 1-10<br><br>            Defendant(s) | JUDGE RAKOFF<br><br>07 CIV 5942<br>CIVIL ACTION NO._____<br>COMPLAINT AND<br>JURY TRIAL DEMAND |

Plaintiff ZEINA ROZ as and for her complaint, by their undersigned counsel, alleges as follows:

## INTRODUCTION

1. This is a suit to obtain relief for racial and disability discrimination, as well as retaliation, harassment and hostile work environment arising from the ill-treatment that forced plaintiff to take separate from Associated Black Charities ("ABC") on or about July 2006. The Plaintiff seeks to recover damages for violations of the Title VII, Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 et seq., the Americans with Disability Act, the New York State Executive Law (Human Rights Law) §296; and the Administrative Code of the City of New York, §§8-107.1(a) et seq.

## JURISDICTION and VENUE

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C.A. §2000e-5(f) and 28 U.S.C.A. §§ 1331 and 1343(4), 29 U.S.C.A. §216, et seq. and 29 U.S.C.A. §216(b), 28 U.S.C.A. §§1343 AND 1343(4) and under 42 U.S.C.A. §1981, 29 U.S.C.A. §207(a)(1). This Court's supplemental jurisdiction is invoked on state law claims pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C.A. § 1391, as the events in question occurred in county of New York, New York.

1

3. The unlawful employment practices alleged herein were committed in whole or in part in the Southern District of New York.

4. A charge of discrimination by plaintiff was filed with the Equal Employment Opportunity Commission ("EEOC") on or about October 10, 2006 (Charge # 520-2007-00607).

5. On or about March 27, 2007, Plaintiff received a notice from the EEOC informing her of her right to sue.

6. Plaintiff has complied with all prerequisites to jurisdiction in this Court under Title VII.

7. As the unlawful employment practices complained of herein occurred within the New York Judicial district venue is proper in this District.

8. Before the institution of this action, plaintiff served a copy of this complaint on the City Corporation Counsel's Office as well as on the New York Commission on Human Rights in accordance with the requirements of the Administrative Code of the City of New York §8-502 (c).

## PARTIES

9. The plaintiff, Zeina Roz (hereinafter "Roz" or "Plaintiff"), is a female of Nigerian origin, is a resident of the City and State of New York, County of Kings.

10. Plaintiff was employed by defendant Associated Black Charities on or about ---. Plaintiff served most recently as a Program Assistant until she was forced to separate from her employment by defendant.

11. At all times relevant plaintiff was an "employee" of ABC within the meaning of the aforementioned statutes.

12. Upon information and belief, ABC is a not for profit, and is engaged in business in the State of New York, with an office and place of business in New York, New York.

2

13. Defendant Rayton Gerald (hereinafter "Gerald"), upon information and belief, resides in the City, County and State of New York. At all times relevant herein, Gerald was employed by ABC, most recently as acting CEO.

14. As a supervisor during the relevant period of plaintiff's employment at the DMV, Gerald had the power to make personnel decisions regarding Roz's employment. Gerald has aided and abetted the unlawful conduct described herein.

15. At all times relevant to this action, the ABC was an "employer" for purposes of Title VII, 42 U.S.C. §2000(e) et seq., and the aforementioned statutes, and, upon information and belief, employees in excess of 15 people.

## FACTUAL ALLEGATIONS

16. ABC hired Roz as a Program Assistant on a salaried basis of approximately $26,000 per annum and at all times Roz was competent and qualified for this position

17. At all times herein, Roz was an exemplary employee and did not disobey orders and directives from her superiors.

18. Rayton Gerald, plaintiff's supervisor during her employment at ABC immediately hostility was injected in plaintiff's work environment in the form of harassment based on plaintiff's recurring medical condition.

19. Despite plaintiff's complaints about dysmenorrhea, Gerald insisted she return to work despite the pain she suffered.

20. Plaintiff requested accommodation in the form of days off, at her expense, but was refused them.

21. Despite the hostile environment created by Gerald, plaintiff was able to satisfactorily perform her duties, yet Gerald was unsatisfied and nevertheless continued to harass

3

plaintiff.

22. Plaintiff requested accommodation for her disability but was not offered any. She was instead threatened with termination.

23. Plaintiff has a history of dysmenorrhea, brought about by ovarian cysts that made it impossible for her to work for a few days every month.

24. Her request to take these days off every month cause no undue burden to ABC as the days sought were part of her sick or vacation days.

25. Despite plaintiff's insistence that she could perform her job as long as she took an occasional day off, something she was entitled to, Gerald informed plaintiff that despite his recognition of her condition a disability, plaintiff would be afforded no accommodation and should she insist on taking another sick day off, she would be terminated.

26. On or about July 2006, plaintiff informed defendants that she was unable to continue working under the conditions created by Gerald and his ultimatum had compelled her to separate from the agency. At that point plaintiff requested medical leave without pay and has been out on leave at the filing of this action.

27. Defendants throughout the relevant period refused to entertain plaintiff's request for reasonable accommodation despite the reports from various doctors attesting that she was in dire need of such accommodation. In fact defendants decided to "doctor shop" to find a doctor that would state plaintiff did not need reasonable accommodation.

28. Defendant's actions were willful and have caused plaintiff to remain without employment for several months, without pay, to the detriment to her professional development, causing plaintiff financial distress, mental and physical anguish

4

### AS AND FOR A FIRST CAUSE OF ACTION

29. Plaintiff adopts and incorporates each allegation designated above in support of this Count.

30. In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory hostile work environment on account of her gender in violation of the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq.

### AS AND FOR A SECOND CAUSE OF ACTION

31. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

32. The defendants retaliated against plaintiff by forcing plaintiff to perform work that would place undue stress on her because she complained about the sexually discriminatory treatment she was subjected to, in violation of the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq.

### AS AND FOR A THIRD CAUSE OF ACTION

33. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

34. The defendants constructively discharged plaintiff by forcing plaintiff to separate from ABC due to undue stress placed on her because she complained about the sexually discriminatory treatment she was subjected to, in violation of the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq.

### AS AND FOR A FOURTH CAUSE OF ACTION

35. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

36. The defendants retaliated against plaintiff by forcing plaintiff to perform work that would place undue stress on her because she complained about the sexually discriminatory treatment she was subjected to based on her gender, in violation of New York State

Executive Law (Human Rights Law) §296.

## AS AND FOR A FIFTH CAUSE OF ACTION

37. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

38. The defendants subjected plaintiff to a hostile work environment based on her gender, in violation of New York State Executive Law (Human Rights Law) §296.

## AS AND FOR A SIXTH CAUSE OF ACTION

39. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

40. The defendants constructively discharged plaintiff discharged plaintiff by forcing plaintiff to separate from ABC due to undue stress placed on her because she complained about the sexually discriminatory treatment she was subjected to, in violation of New York State Executive Law (Human Rights Law) §296.

## AS AND FOR A SEVENTH CAUSE OF ACTION

41. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

42. In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory hostile work environment on account of her gender, in violation of the Administrative Code of the City of New York, §§8-107.1(a) et seq.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

43. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

44. In light of the foregoing therefore, the defendants retaliated against plaintiff for complaining about a discriminatory hostile work environment on account of her gender, in violation of the Administrative Code of the City of New York, §§8-107.1(a) et seq.

## AS AND FOR A NINTH CAUSE OF ACTION

45. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

46. In light of the foregoing therefore, the defendants constructively discharged plaintiff by placing undue stress on her as a result of her medical condition, in violation of the Administrative Code of the City of New York, §§8-107.1(a) et seq.

### AS AND FOR A TENTH CAUSE OF ACTION

47. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

48. In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory hostile work environment on account of her disability in violation of the Americans with Disability Act (hereinafter "ADA").

### AS AND FOR AN ELEVENTH CAUSE OF ACTION

49. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

50. The defendants retaliated against plaintiff by forcing plaintiff to perform work that placed undue stress on her, because she complained about the lack of reasonable accommodation and discriminatory treatment she was subjected to as a result of her disability, in violation of the ADA. Defendants thus failed to provide plaintiff with reasonable accommodations to allow her to perform the essential duties of her job, notwithstanding the absence of undue hardship to the Defendants in making such accommodations, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C.A. §12101 et seq.

### AS AND FOR A TWELFTH CAUSE OF ACTION

51. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

52. In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory hostile work environment by not providing reasonable accommodation account of her disability in violation of the New York City Human Rights law.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION

53. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

54. The defendants retaliated against plaintiff by forcing plaintiff to perform work that placed undue stress on her, because she complained about the lack of reasonable accommodation and discriminatory treatment, in violation of the New York City Human Rights law.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION

55. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

56. The defendants retaliated against plaintiff by terminating her employment, because she complained about the lack of reasonable accommodation and discriminatory treatment she was subjected to as a result of her disability, in violation of the ADA.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION

57. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

58. As actions of the defendants were callous, reckless, willful and totally in disregard of plaintiff's rights, plaintiff is therefore entitled to punitive damages against them.

### PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, Plaintiff Zeina Roz, demands judgment as follows:

(a) against all defendants, jointly and severally, declaring the acts and practices complained of herein are in violation of Title VII, New York State Human Rights Law, the New York City Administrative Law, the ADA and the common law of New York;

(b) enjoining and permanently restraining these violations of Title VII, The New York State Human Rights Law, the New York City Administrative Law, the ADA.

(c) directing defendants to take such affirmative action as is necessary to ensure that the

effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment opportunities;

(d) directing defendants to make them whole for all earnings she would have received but for defendants' unlawful conduct, including, but not limited to, wages, pension, bonuses, and other lost benefits;

(e) Directing defendant's to reinstate plaintiff or if reinstatement is not possible, to ward plaintiff front pay, including, but not limited to, wages, pension, bonuses, and lost benefits;

(f) Directing defendants to pay plaintiff an additional amount as compensatory damages for her pain and suffering;

(g) Directing defendants to pay plaintiff an additional amount as punitive damages for their willful and/or reckless disregard for plaintiff's statutory rights;

(h) Awarding plaintiff such interest a is allowed by law;

(i) Awarding plaintiff reasonable attorneys' fees and costs;

(j) Trial by Jury; and

(k) Granting such and further relief as this Court deems necessary and proper.

Awarding plaintiff such damages as may be proved at trial, including reinstatement, back pay, front pay, compensatory damages and punitive damages as well as costs and disbursements of this action.

Dated:   Brooklyn, New York                Respectfully submitted,
         June 19, 2007

NKEREUWEM UMOH [NU7233]
Attorney for Plaintiff
255 Livingston Street, 4th Floor
Brooklyn, NY 11217
718.360.0527

9

# EXHIBIT A

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Ms. Zeina Roz<br>31 Ocean Parkway, Apt. 5H<br>Brooklyn, NY 11218 | From: | Spencer H. Lewis Jr., District Director<br>Equal Employment Opportunity Commission<br>New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, New York 10004-2112 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2007-00607 | Hazel C. Stewart, Supervisor | 212-336-3776 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[X] The Respondent employs less than the required number of employees or is not otherwise covered by the statute(s).

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Spencer H. Lewis, Jr., District Director

MAR 19 2007

*(Date Mailed)*

Enclosure(s)

cc:  **Rayton Gerald, President**
**Associated Black Charities**
**105 East 22 Street, Suite 915**
**New York, New York 10010**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==================================================

Zeina Roz
        Plaintiff,

v.

Associated Black Charities; Rayton Gerald

And Does 1-10
        Defendant(s)
==================================================
        SUMMONS AND COMPLAINT
==================================================

**Uwem Umoh, Esq.**
Attorney for Plaintiff
255 Livingston Street, Fourth Floor
Brooklyn, New York 11217
718 360 0527
==================================================

**To:**                                    Service of a copy of the within
                                           is hereby admitted.

                                           Dated: …………2007

Attorneys for the Defendant